**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re Application of | ) |
| | ) |
| FW DEEP VALUE OPPORTUNITIES | ) |
| FUND I, LLC, | ) |
| | ) Civil Action No. 24-430-RGA-SRF |
| Petitioner, for an Order Pursuant to 28 | ) |
| U.S.C. § 1782 to Conduct Discovery for | ) |
| Use in a Foreign Proceeding. | ) |
| | ) |

**MEMORANDUM ORDER**

At Wilmington this **16th** day of **March, 2026**, the court having considered the parties' discovery dispute letter submissions and associated filings (D.I. 56; D.I. 57; D.I. 58; D.I. 59; D.I. 60; D.I. 61; D.I. 62), IT IS ORDERED that the motion for sanctions for alleged violations of the Protective Order filed by respondents Carlyle Group Management LLC, The Carlyle Group, Inc., and Carlyle Investment Management LLC (collectively, "Respondents"), which was raised in the pending joint motion for teleconference to resolve discovery dispute, (D.I. 50), is DENIED without prejudice for the following reasons:

1. **Background.** On April 5, 2024, petitioner FW Deep Value Opportunities Fund I, LLC ("Petitioner") initiated this ancillary proceeding under 28 U.S.C. § 1782 (the "1782 Application") to obtain "limited discovery related to the valuation of German company Schaltbau Holding AG ('Schaltbau')" for use in support of an appraisal proceeding pending before a Munich court, Case No. HK O 9734/22 e (the "Appraisal Proceeding"), which was initiated on October 13, 2022. (D.I. 2 at 1; D.I. 25 at ¶ 1) The Appraisal Proceeding arises from a voluntary takeover offer (the "Takeover Offer") made by Voltage BidCo GmbH ("Voltage"), an affiliate of Respondents, to acquire all outstanding Schaltbau shares. (D.I. 2 at 4) On the same day the Takeover Offer was announced, Voltage also announced it intended to buy out the

remaining Schaltbau shareholders through a domination and profit and loss transfer agreement (the "DPLTA"). (*Id.* at 6; D.I. 60 at ¶¶ 14-15)  Schaltbau shareholders who rejected the Takeover Offer, including Petitioner, exercised their appraisal right by initiating the Appraisal Proceeding. (D.I. 60 at ¶ 3; D.I. 59 at 2 n.1)

2.    In its 1782 Application, Petitioner sought discovery "concerning the valuation of Schaltbau and the adequacy of the buyout price and guaranteed dividend for Petitioner's Schaltbau shares under German law following Schaltbau's acquisition" by Voltage. (*Id.*)  Respondents voluntarily agreed to produce certain documents in response to the 1782 Application subject to the terms of a proposed stipulated protective order. (D.I. 23-1)  On June 13, 2024, the court entered the stipulated Protective Order without modification. (D.I. 25)  In pertinent part, the Protective Order provides that "[t]he Material produced or provided by Respondent . . . shall be used by the Receiving Party . . . only in the 1782 Proceeding, the [Appraisal Proceeding], as well as any appeals thereto *and any related proceedings* . . . or in connection with the taking of discovery from any party who is already the recipient of the Confidential Material or Highly Confidential Material as permitted herein and for no other purpose." (*Id.* at ¶ 1) (emphasis added).  Respondents produced 3,297 documents designated Confidential and 806 documents designated Highly Confidential between June of 2024 and March of 2025. (D.I. 57 at ¶ 6)  Petitioner did not challenge these designations. (*Id.*)

3.    On December 20, 2024, a group of litigants who had accepted Voltage's Takeover Offer commenced another proceeding in Germany, Case No. 5 HK O 16187/24 (the "Munich Proceeding"), to challenge Voltage's compliance with German law minimum price requirements. Although Petitioner had rejected the Takeover Offer, Respondents allege Petitioner was also validly assigned claims by a shareholder who accepted the Takeover Offer. (D.I. 59 at 2 n.1)  As

2

such, Petitioner also became a plaintiff in the Munich Proceeding. (*Id.*) On October 14, 2025, Petitioner and the other plaintiffs in the Munich Proceeding filed a submission which included 17 of Respondents' Confidential and Highly Confidential documents in redacted format that was produced in response to the instant 1782 Application. (D.I. 57 at ¶¶ 7-8; D.I. 58, Exs. 4-20) In a letter dated January 16, 2026, Respondents demanded the withdrawal of the challenged documents from the Munich Proceeding. (D.I. 62, Ex. E) Petitioner responded that the production in the Munich Proceeding did not violate the Protective Order. Nonetheless, Petitioner offered to negotiate the terms of another protective order or to file another application under 28 U.S.C. § 1782. (*Id.*, Ex. F) Respondents declined both offers and filed the instant motion for sanctions.

4. **Legal Standard.** Federal Rule of Civil Procedure 37(b)(2) states that the court may treat the violation of a protective order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii); *Garner v. Glob. Plasma Sols., Inc.*, C.A. No. 21-665-SB, 2025 WL 775381, at *1 (D. Del. Mar. 10, 2025). To establish civil contempt, the movant must prove: (1) the existence of a valid court order; (2) the opposing party's knowledge of the order; and (3) the opposing party's violation of that order. *See John T. ex rel. Paul T. v. Del. Cnty.*, 318 F.3d 545, 552 (3d Cir. 2003); *see also Sec'y of Labor v. Altor Inc.*, 783 F. App'x 168, 171 (3d Cir. 2019). The "elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt." *Id.*; *see also FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (explaining that courts should "hesitate to adjudge a defendant in contempt when there is ground to doubt the wrongfulness of the conduct[.]").

5. **Analysis.** The parties' dispute focuses on the meaning and scope of "related proceedings" in the Protective Order, which is key to determining whether Petitioner's conduct

3

violated the Protective Order under the third prong of the civil contempt analysis. (D.I. 56 at 2-3; D.I. 59 at 1) Respondents contend that "related proceedings" are those "that share a nexus with and arise from the Appraisal Proceeding[,]" and the Munich Proceeding does not share a nexus with the Appraisal Proceeding as a matter of German law. (D.I. 56 at 2) Petitioner correctly notes that the Protective Order does not define "related proceedings." Nonetheless, Petitioner maintains that the Appraisal Proceeding and the Munich Proceeding are related because both arise from the need to determine the proper valuation of Schaltbau's shares following Voltage's takeover. (D.I. 59 at 2-3)

6. Respondents' motion is DENIED without prejudice. The plain language of the Protective Order anticipates the use of the challenged material in "related proceedings," separate from the 1782 Application, the Appraisal Proceeding, and any appeals: "The Material produced or provided by Respondent . . . shall be used by the Receiving Party . . . only in the 1782 Proceeding, the [Appraisal Proceeding], as well as any appeals thereto *and any related proceedings* . . . or in connection with the taking of discovery from any party who is already the recipient of the Confidential Material or Highly Confidential Material as permitted herein and for no other purpose." (D.I. 25 at ¶ 1) (emphasis added). A redline version of the Protective Order supports this interpretation, showing that Respondents originally referred only to the 1782 Application and the Appraisal Proceeding, Petitioner added language to encompass "any appeals thereto and any related proceedings," and Respondents agreed to the change. (D.I. 62, Ex. A at ¶ 1) Respondents' decision to wait nearly four months before seeking a retraction of materials in the Munich Proceeding further supports an inference that Respondents did not originally view the disclosure made in October of 2025 as a violation of the Protective Order. (D.I. 56 at 4)

4

**7.**    Moreover, Respondents have not shown by clear and convincing evidence that the Munich Proceeding is not a "related proceeding." *See John T.*, 318 F.3d at 552. The term "related proceedings" is not defined in the Protective Order, and ambiguities in the record must be resolved in Petitioner's favor. *Id.*; *see also Garner*, 2025 WL 775381, at *1 ("[The court] should 'hesitate to adjudge a defendant in contempt when there is ground to doubt the wrongfulness of the conduct,' so any 'ambiguities must be resolved in favor of the party charged with contempt.'" (internal citations omitted)). Both the Appraisal and Munich Proceedings were brought by minority Schaltbau shareholders to determine the value of Schaltbau shares in connection with Voltage's takeover of the company. Petitioner produced evidence indicating that the method for determining the valuation of Schaltbau shares in both proceedings is based on an evaluation of Schaltbau's standalone business plan, as confirmed by Voltage's own submissions in both proceedings. (D.I. 60 at ¶¶ 63-65) In a negotiated Protective Order executed by two sophisticated parties, these core similarities are sufficient to establish the Appraisal and Munich Proceedings are "related." The differences identified by Respondents largely focus on procedural matters. Although Respondents indicate that different evidence is needed for each proceeding, they do not specifically suggest that evidence of Schaltbau's valuation would have no bearing on the Munich Proceeding.[1] (D.I. 56 at 2-3)

**8.    Conclusion.** For the foregoing reasons, IT IS ORDERED that Respondents' motion for sanctions is DENIED without prejudice. IT IS FURTHER ORDERED that the discovery dispute teleconference set for March 18, 2026 at 11:00 a.m. is CANCELLED.

---

[1] Respondents suggest that the Munich Proceeding cannot be a "related proceeding" within the context of the Protective Order because it had not been filed when the parties agreed to the Protective Order. (D.I. 56 at 3) But the Protective Order does not expressly exclude future proceedings from "related proceedings." (D.I. 25 at ¶ 1)

5

9.  Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **March 23, 2026**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)).  If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

10. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order.  Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to four (4) pages each.

11. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

6